UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
**MARINA PEREZ**, as Parent and Natural
Guardian of **C.P.**, and **MARINA PEREZ**,
Individually,

                Plaintiff,

                                                Docket No. 23-cv-02966

-against-

**DAVID C. BANKS**, in his official capacity                    **COMPLAINT**
as Chancellor of the New York City
Department of Education, and
**NEW YORK CITY DEPARTMENT OF
EDUCATION**

                Defendants.
---------------------------------------------------------X

       Plaintiff MARINA PEREZ, as Parent and Legal guardian of C.P.,[1] and MARINA PEREZ, Individually, as and for her Complaint against the Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION ("collectively DOE"), alleges the following:

### PRELIMINARY STATEMENT

1. The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" (FAPE) to all children with physical and/or intellectual disabilities. See 20 U.S.C. § 1400(3)(A)(i) (listing covered disabilities).

2. As defined in the Act, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to permit a child to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

3. An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

---

[1] Although the full name of the Parent is used in the Complaint herein, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) (and 34 C.F.R. Part 99), Plaintiff uses the initials of the Student to protect the Student's privacy.

4. Under the IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5. In addition to an IEP, a child with a disability may need other services and accommodations to ensure they receive the FAPE they are entitled to. This may include:

   i. Specialized instruction and behavior interventions tailored to the child's needs.
   ii. Access to assistive technology, such as speech-to-text software or Braille readers.
   iii. Adaptive physical education and physical therapy services.
   iv. Access to the general curriculum through accommodations, modifications, and/or alternative assessments.
   v. Mental health counseling and social skills training.
   vi. Transportation services.
   vii. Access to extracurricular activities, clubs, and/or social events.
   viii. Career and transition services.
   ix. Access to specialized personnel, such as school counselors, special education teachers, and/or speech-language pathologists.

6. Here, State Review Officer ("SRO") Steven Krolak issued SRO Decision No. 22-139 relative to IHO Case No. 209151 on December 8, 2022.

7. Plaintiff seeks de novo review of Decision No. 22-139 issued by SRO Krolak on December 8, 2022.

8. Plaintiff seeks an Order reversing the SRO's finding that the IHO erred in awarding Plaintiff four years of extended eligibility at iBRAIN as relief for DOS's denial of FAPE.

9. In a Findings of Fact and Decision ("FOFD") dated September 5, 2022 (IHO Case No. 209151), IHO Keila Tennent correctly found DOE failed to provide C.P. a FAPE for the 2021-2022 school year ("SY"), and ordered DOE to fund the cost of C.P.'s tuition, related services, and special transportation at iBRAIN for that year.

10. IHO Tennent also granted Plaintiff's request for an Order stating that based on extended eligibility, C.P. is entitled to remain at iBRAIN at public expense through the age of 25 years old.

11. Defendants appealed the IHO's decision to the New York State Education Department Office of State Review by a Verified Request for Review filed on October 17, 2022.

12. SRO Krolak erroneously held that C.P. is not entitled to extended-age eligibility as relief for DOE's denial of a FAPE to C.P. for the 2021-2022 school year.

13. Plaintiff is an aggrieved party due to the SRO's adverse findings and rulings in SRO Decision No. 22-139, which denied Plaintiff extended eligibility for C.P.'s extra school years at iBRAIN until age 25.

14. Plaintiff MARINA PEREZ is the Parent of a child with disabilities, C.P., who was denied access to a FAPE during the 2021-2022 school year by DOE.

15. Plaintiff seeks an Order affirming the IHO's decision in IHO No. 209151 and granting C.P. extended eligibility to continue attending iBRAIN at public expense until age 25.

16. This Complaint is filed under IDEA, *supra,* New York State's implementing laws and regulations, 8 N.Y.C.R.R. § 200 *et seq.,* and Article 89 of the New York Education Law, N.Y. EDUC. LAW § 4401 (McKinney) *et seq.,* and applicable case law and public policy.

### JURISDICTION AND VENUE

17. This case arises under a federal statute, the IDEA, 20 U.S.C. § 1400, *et seq.,* and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

18. Jurisdiction of the United States District Court for the Southern District of New York is invoked under 20 U.S.C. § 1415(i)(2), providing for jurisdiction and a right of action in this Court for a party "aggrieved by the findings and decision" of an impartial due process hearing.

19. Jurisdiction is also conferred by 28 U.S.C. § 1331, providing jurisdiction of all civil

actions arising under the laws of the United States.

20. Jurisdiction is also proper under 42 U.S.C. § 1983, as Defendants acted under color of law.

21. To the extent, if any, that this case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

22. This Court may order declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202.

23. The Court also has pendent jurisdiction to adjudicate any state claims, which may arise from the same facts as the federal claims asserted here under 28 U.S.C. § 1367.

24. The venue is proper in the United States District Court of the Southern District of New York, as authorized by 28 U.S.C. § 1391.

25. The Plaintiff here seeks reasonable attorneys' fees as part of the costs that may be awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(l)(i).

## THE PARTIES

26. Plaintiff C.P. turned nineteen during the 2021-2022 extended school year.

27. C.P. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

28. C.P. is entitled to receive a FAPE and related services from Defendant DOE.

29. Plaintiff MARINA PEREZ is the Parent and Natural Guardian of C.P.

30. Plaintiff resided in the City of New York at all relevant times here.

31. C.P.'s name–is not expressly named within this Complaint because of privacy provisions in the IDEA and the Family Education Rights Privacy Act ("FERPA"). 20 U.S.C. § 1232.

32. Defendant New York City Department of Education is and was, at all material times, a

corporate body created under Article 52 of the New York State Education Law, CLS Educ. Law§ 2550 *et seq.* that manages and controls the educational affairs of the New York City Public Schools.

33. Defendant New York City Department of Education is the local educational authority ("LEA") defined by 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing C.P. with a FAPE.

34. New York State and DOE have established policies and procedures, both written and informal, concerning the IDEA's implementation.

35. DOE receives federal funding under the IDEA. 20 U.S.C. § 1412.

36. Because DOE receives funding under the IDEA, it must comply with the statute's provisions. 20 U.S.C. § 1412.

37. Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

38. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, NY 11201.

39. Plaintiff lives in the Defendants' school district.

40. DOE is responsible for providing a FAPE to all students with disabilities, including C.P., who reside in the Defendants' school district under statutory rights arising under IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA.

## FACTUAL ALLEGATIONS

41. Plaintiff brings this action under the IDEA to obtain an Order granting C.P. extended eligibility to remain at iBRAIN at public expense until age 25.

42. The IHO rendered a decision to this effect, which was later reversed by the SRO.

43. The IDEA was enacted to ensure that students with disabilities, such as C.P., have meaningful access to public education.

44. Participating states receive federal funds in exchange for their commitment to provide a FAPE to all children with disabilities in the State and comply with IDEA's substantive and procedural mandates.

45. State governments waive sovereign immunity under the Eleventh Amendment in return for receiving federal funds.

46. New York State has chosen to participate in the IDEA framework.

47. New York has established procedures for providing special education services to children with disabilities, as outlined in N.Y. Educ. Law § 4401 *et seq.*

48. Upon information and belief, the New York City Department of Education receives money under IDEA Part B based on the "child-count" method, which allows the LEA to claim a specific amount of money per Student with a qualifying disability.

49. The IDEA explicitly requires DOE to fund C.P.'s education.

50. The primary mechanism for ensuring the implementation of the IDEA's mandate of a FAPE is the IEP, as defined by 20 U.S.C. § 1401 (14), § 1414(d).

51. An IEP is a written statement prepared by the LEA for every child with a disability, which sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child or on behalf of the child, to enable that child to achieve comprehensive annual goals and short-term objectives.

52. Impartial Hearing Officers have broad discretion to fashion appropriate equitable relief in IDEA matters for a denial of FAPE.

53. C.P. suffers from a brain injury and has been diagnosed with quadriplegic cerebral palsy, muscle hypotonia, developmental delay, dystonia, chorea, impaired mobility, microcephaly, and intellectual disability.

6

54. C.P. also has a cortical vision impairment.

55. As a result of C.P.'s medical diagnoses, he has severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem-solving, information processing, and speech. These impairments adversely affect his educational abilities and performance.

56. C.P. is nonverbal and non-ambulatory, has highly intensive management needs, and requires a high degree of individualized attention and instruction.

57. C.P. requires special education and related services to accommodate her disabilities, so that she can receive a FAPE.

58. iBRAIN is a New York City-based private school dedicated to serving children who have suffered injuries to their brains.

59. C.P. attended iBRAIN during the 2021-2022 extended school year.

60. iBRAIN employs specialized teachers, nurses, and therapists to provide extended school day and extended school year care and education to children with brain injuries.

61. While attending iBRAIN, C.P.'s educational program consisted of a 12-month extended school year in a 6:1+1 class, 1:1 Physical Therapy ("PT"), 5x per week in 60-minute sessions, 1:1 Occupational Therapy ("OT"), 5x per week in 60-minute sessions, 1:1 Speech-Language Therapy ("SLT"), 5x per week in 60-minute sessions, 1:1 Vision Education Services ("VES"), 3x per week in 60-minute sessions, Assistive Technology Services (AT) 1x per week in 60-minute sessions and Parent counseling/training 1x per month in 60-minute sessions.

62. At iBRAIN, C.P. also receives support from a 1:1 paraprofessional and the use of his AT device across all environments.

63. C.P.'s program at iBRAIN also includes Music Therapy 2x per week in 60-minute 1:1 sessions.

64. On March 11, 2021, the DOE convened a Committee on Special Education ("CSE") to develop an IEP for C.P. for the 2021-2022 school year. ("March 2021 IEP").

65. DOE's March 2021 IEP recommendations for C.P. included a disability classification of multiple disabilities and a 12-month program in a 6:1+1 class in a specialized district school.

66. The CSE also recommended that the Student be provided with five 60-minute sessions per week of individual OT, five 60-minute sessions per week of individual PT, five 60-minute sessions per week of individual SLT, one 60-minute session of 1:1 AT services, parent counseling and training, an AT device and paraprofessional services.

67. The March 2021 CSE failed to recommend VES for C.P.

68. DOE knew C.P. had received VES in the past, but declined to recommend VES based on statements by the Parent and the lack of a doctor's recommendation.

69. The IEP team still incorporated C.P.'s cortical vision impairment report into the goals/management needs sections of the IEP.

70. The district-specialized school recommended by DOE was inappropriate for C.P. because it did not incorporate an extended school day, which C.P. needs to accommodate all of his recommended related services sessions.

71. As of July 7, 2021, the date of her Due Process Complaint ("DPC"), Plaintiff had not received the March 11 IEP.

72. DOE also failed to provide Plaintiff with a Prior Written Notice or School Location Letter before the start of the 2021-2022 school year.

**Underlying Proceedings**

73. On June 29, 2021, Plaintiff filed a DPC with DOE, thereby initiating an administrative Due Process Proceeding to compensatory education for C.P. for the district's denial of a FAPE from the 2007-2008 SY to the 2018-2019 SY and other relief under the IDEA. 20 U.S.C. § 1415(f) and N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

74. On June 29, 2021, in a DPC, Plaintiff alleged, *inter alia, DOE* denied C.P. a FAPE from the 2007-2008 SY through the 2018-2019 SY school year, that iBRAIN was an appropriate unilateral placement for C.P.; and that equities favored an award of compensatory education services in the form of eleven years of tuition and related services at iBRAIN, and extended eligibility for special education services. 20 U.S.C. § 1415(i) *et seq.;* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[2]

75. The DPC was assigned IHO Case No. 209151.

76. On July 7, 2021, Plaintiff filed a DPC with DOE, thereby initiating an administrative Due Process Proceeding to secure funding for iBRAIN tuition for the 2021-2022 extended school year and other relief under the IDEA. 20 U.S.C. § 1415(f) and N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

77. In her DPC dated July 7, 2021, the Plaintiff alleged, *inter alia*, that the March 2021 IEP denied C.P. a FAPE for the 2021-2022 school year, that iBRAIN was an appropriate unilateral placement for C.P., and the equities favored a full award for C.P.'s placement at iBRAIN, including tuition, related services, and special transportation for the 2021-2022 SY. 20 U.S.C. § 1415(i) *et seq.;* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

78. The DPC was assigned Impartial Hearing Officer ("IHO") Case No. 210749.

79. On August 3, 2021, IHO Keila Tennent issued an Order of Consolidation, consolidating the two DPCs (209151 and 210749) under IHO No. 209151.

80. On September 5, 2022, IHO Tennent issued an FOFD for IHO Case No. 209151, which found that: DOE failed to offer C.P. a FAPE for the 2021-2022 SY, that iBRAIN was an appropriate unilateral placement for C.P., and that equitable considerations favored Plaintiff

---

[2] A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a Student if the services offered by the board of education were inadequate or inappropriate ("Prong I"); the services selected by the parents were appropriate ("Prong II"); and equitable considerations support the parents' claim. ("Prong III"); *See Florence Cty. Sch. Dist. Four v. Carter By & Through Carter,* 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.,* 471 U.S. 359, 369–70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985).

in her request for total funding of C.P.'s tuition, transportation, and related services at iBRAIN. A redacted copy of IHO Tenant's FOFD is annexed hereto as **Exhibit 1**.

81. IHO Tennent found that Plaintiff's claims related to 2007-2008 through the 2018-2019 school years were time-barred by the two-year Statute of Limitations.

82. Yet IHO Tennent correctly found that the facts supported C.P.'s entitlement to significant remediation—additional years of education.

83. IHO Tennent found that C.P. should remain at iBRAIN under extended eligibility through age 25 based on DOE's denial of VES alone.

84. By Request For Review ("RFR") dated October 17, 2022, DOE appealed IHO Tennent's FOFD to the New York State Education Department's Office of State Review.

85. The sole issue raised by DOE on appeal is that IHO Tennent abused her discretion in awarding extended eligibility for four years to C.P. as relief based on a denial of FAPE for the 2021-2022 school year.

86. The district did not challenge denying C.P. a FAPE for the 2021-2022 school year in their appeal, thereby conceding Prong I and admitting that they failed to offer a FAPE to C.P.

87. On December 8, 2022, SRO Krolak issued SRO Decision No. 22-139 relative to DOE's appeal. A copy of SRO Krolak's Decision 22-139 is attached hereto as **Exhibit 2**.

88. SRO Krolak did not reverse IHO Tennent's finding that DOE denied C.P. a FAPE for the 2021-2022 school year, as DOE did not raise that issue on appeal.

89. But SRO Krolak incorrectly reversed the portion of IHO Tennent's decision, which awarded C.P. four years of extended eligibility at iBRAIN as relief for the district's denial of a FAPE to C.P. for the 2021-2022 SY.

90. SRO Krolak erred in finding that, although "an IHO has broad discretion to fashion equitable relief in IDEA matters," the IHO's award of extended eligibility for special education

10

services at iBRAIN "far exceeded an appropriate remedy for the district's denial of FAPE for the Student for the 2021-22 school year." Exhibit 2, p. 11.

91. SRO Krolak erred in reversing IHO Tennent's award of four years of extended eligibility for C.P. to receive special education services at iBRAIN at public expense, despite acknowledging the IHO's broad discretion in fashioning IDEA remedies.

92. The instant federal action is an appeal of SRO Decision No. 22-139.

93. SRO Decision No. 22-139 contradicts the evidence and the law. Therefore, C.P. has been denied a FAPE by DOE and due process by the SRO.

94. SRO Krolak's decision in Appeal No. 22-139 is defective because it relies on an erroneous application of the IDEA, irrelevant case law, an erroneous reading of New York State Education Law, and his own erroneous findings.

95. Such a finding has a disparate impact on disabled students entitled to funding under the IDEA, as it favors those who can afford private school tuition in the first instance and wait for reimbursement.

96. As a result of the SRO's incorrect decision, DOE avoids its obligations under the IDEA and the New York State Constitution to provide a FAPE, and receives a windfall of IDEA Part B funds—funds earmarked for C.P.

97. Since DOE denied C.P. a FAPE for the 2021-2022 extended school year, C.P.'s unilateral placement at iBRAIN for the 2021-2022 extended school year was appropriate, and equities favored Plaintiff; there was no basis for SRO Krolak to conclude that extended eligibility at iBRAIN as compensatory education was an unavailable remedy.

**AS AND FOR A FIRST CAUSE OF ACTION**

*SRO Decision 22-139 Should Be Reversed*

98. Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth here.

99. SRO Krolak failed to discharge his duties properly, as required by the IDEA, 20 U.S.C. § 1401 *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and the Regulations of the Commissioner of Education, Part 200.

100. Based on the preceding, Plaintiff's rights, and those of her disabled child, C.P., were violated under the IDEA, 20 U.S.C. § 1401, *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner, Part 200.

101. Defendants' actions have caused Plaintiff damages.

102. Plaintiff is entitled to all appropriate relief under IDEA, including the specific remedies of funding for C.P.'s 2021-2022 school year at iBRAIN, as well as compensatory education in the form of extended eligibility to receive special education services at iBRAIN until the age of 25, with ancillary and necessary fees, including attorneys' fees.

103. Plaintiff is entitled to extended eligibility for C.P. for special education services at iBRAIN through the age of 25, for the reasons above, including, but not limited to, the following: 1) Defendants failed to offer or provide C.P. with a FAPE for the 2021-2022 school year; 2) iBRAIN was an appropriate unilateral placement for C.P., and 3) IHO's have broad discretion to fashion equitable remedies for denial of FAPE under the IDEA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests the Court:

(a) Conduct an independent review of the administrative record;

(b) Reverse the December 8, 2022, SRO decision in SRO Appeal No. 22-139, to the extent that the SRO found compensatory education in the form of extended eligibility was not an appropriate remedy for C.P. for the DOE's denial of a FAPE;

(c) Declare that DOE denied C.P. a FAPE for the 2021-2022 school year;

(d) Declare that iBRAIN was an appropriate unilateral placement for C.P. during the 2021-2022 extended school year;

(e)     Declare that the equities favor the Plaintiff's request for total funding for C.P.'s private school placement (iBRAIN) for the cost of C.P.'s tuition, related services, and special transportation services for the 2021-2022 extended school year, *and* an award of compensatory education in the form of extended eligibility at iBRAIN;

(f)     Order the Defendants to pay tuition and related services for C.P.'s educational program, and costs directly to the Student's private school and related services providers;

(g)     Declare Plaintiff a prevailing party under IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i), shall Plaintiff prevail on this instant action.

(h)     Direct Defendants to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining this instant action, shall Plaintiff prevail on this instant action;

(i)     In the alternative, the Plaintiff requests to be heard and present additional evidence under 20 U.S.C. 1415 (i)(2)(C); and

(j)     Grant such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated: April 7, 2023
       New York, NY

Respectfully submitted,

\_\_/s/_____
Ashleigh C. Rousseau (5801923)
Brain Injury Rights Group, Ltd.
*Attorneys for Petitioners*
300 E. 95th Street, #130
New York, New York 10128
ashleigh@pabilaw.org