UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINA PEREZ, AND MARINA PEREZ,<br><br>                              **Plaintiff,**<br>     -against-<br><br>DAVID C. BANKS, AND NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                              **Defendants.** | 1:23-CV-02966 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Marina Perez, as parent and natural guardian of C.P., brings this action pursuant to the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 against Defendants Chancellor David Banks and the New York City Department of Education ("Defendants"). Plaintiff filed a motion for summary judgment under Fed. R. Civ. P. 56 seeking to appeal State Review Officer ("SRO") Steven Krolak's decision in SRO Decision No. 22-139 dated December 8, 2022. Specifically, Plaintiff appeals SRO Krolak's denial of the award of extended eligibility at iBRAIN through the age of 25 and requests deference to the Impartial Hearing Officer ("IHO") Keila Tennent's decision to award compensatory education. Both Plaintiff and Defendants now move for summary judgment. ECF No. 184. After careful review Plaintiff's motion for summary judgment is hereby **DENIED** and Defendants' Cross-Motion for Summary Judgment is otherwise **GRANTED**.

## STATEMENT OF FACTS

The Court assumes the parties' familiarity with the facts as alleged in the original complaint. *See* ECF No. 1. C.P. is a twenty-one (21) year old student classified with quadriplegic cerebral palsy, muscle hypotonia, developmental delay, coxa valga, dystonia, chorea, impaired mobility, microcephaly, and intellectual disability. C.P is non-ambulatory, non-verbal, and

1

dependent in all activities of daily living. [R 30]. C.P. attended ADAPT, a non-public school, from the 2007-2008 academic year through the 2018-2019 academic year. [R 17]. C.P. attended the International Academy for the Brain ("iBRAIN") since the 2019-2020 academic year. [R 18].

On June 29, 2021, Plaintiff filed a Due Process Complaint ("DPC") with DOE, which initiated an administrative Due Process Proceeding to compensatory education for C.P. for the district's denial of a free appropriate public education ("FAPE") from the 2007-2008 academic year to the 2018-2019 academic year and other relief under the IDEA. In a subsequent DPC filed on July 6, 2021, Plaintiff alleged, *inter alia*, that DOE denied C.P. a FAPE from the 2007-2008 academic year through the 2018-2019 academic year, that iBRAIN was an appropriate unilateral placement for C.P.; and that equities favored an award of compensatory education services in the form of eleven years of tuition and related services at iBRAIN, and extended eligibility for special education services. Plaintiff requested Defendants be ordered to fund the cost of C.P.'s placement at iBRAIN for the 2021-2022 academic year, including related services, special transportation costs, a 1:1 paraprofessional, and a 1:1 nurse. [R 19]. Plaintiff also requested Defendants provide all assistive technology and augmented assistive communication devices as needed. [R 19].

On September 5, 2022, IHO Keila Tennant found that i) all of Plaintiff's claims for the 2007-2008 through 2018-2019 academic years were barred by the statute of limitations and that ii) DOE failed to provide C.P. a FAPE for the 2021-2022 academic year. As an award, IHO Tennant ordered DOE to fund the cost of C.P.'s tuition, related services, and special transportation at iBRAIN for that academic year. Additionally, IHO Tennant granted Plaintiff's request for an Order stating that C.P. is entitled to remain at iBRAIN through the age of 25 years old based on extended eligibility.

On October 17, 2022, Defendants appealed the IHO's decision to the New York State Education Department Office of State Review by a Verified Request for Review. On December 8, 2022, SRO Krolak issued SRO Decision No. 22-139 relative to Defendants' appeal. [R 26]. SRO Krolak did not reverse IHO Tennent's finding that Defendants denied C.P. a FAPE for the 2021-2022 academic year, as Defendants did not raise that issue on appeal. SRO Krolak reversed the portion of IHO Tennent's decision which awarded C.P. four years of extended eligibility at iBRAIN as relief for the Defendants denial of a FAPE to C.P. for the 2021-2022 academic year.

## PROCEDURAL HISTORY

On April 7, 2023, Plaintiff filed their initial complaint against Defendants. ECF No. 1. On October 25, 2023, Plaintiff then filed a motion for summary judgment and submitted a memorandum of law in support of its motion for summary judgment. ECF Nos. 21-22. On November 29, 2023, Defendants filed a cross motion for summary judgement and submitted its first memorandum of law in support of their motion for summary judgment and in opposition to Plaintiff's summary judgment motion. ECF Nos. 25-26.

On January 19, 2024, Plaintiff filed its memorandum of law in opposition to the cross motion for summary judgment and in reply in further support of their own motion for summary judgment. ECF No. 30. On March 29, 2024, Defendants filed its reply memorandum of law in further support of their motion for summary judgment ECF No. 35. Parties move for summary judgment as to whether SRO Krolak's decision that reversed IHO Tennent's determination to award extended eligibility for four years based on a denial of a FPAE should be reversed. The Court considers these motions fully briefed.

Plaintiffs argue that SRO Krolak erroneously concluded that compensatory education in the form of extended eligibility at iBRAIN was not an appropriate remedy for C.P. as the result

of Defendants' denial of a FAPE for the 2021-2022 academic year. Specifically, Plaintiffs appeal SRO Krolak's denial of an award of compensatory education in the form of extended eligibility at iBRAIN through the age of 25, where the Plaintiffs received reimbursement for the services allegedly denied in the relevant academic year, and that IHO Kennet did not find a "gross violation" of the IDEA. Defendants argue that SRO Krolak correctly concluded that C.P. was not entitled to extended eligibility and that the decision was thorough, well-reasoned, and based upon a careful review of the record and applicable law.  For the reasons stated herein, Plaintiff's motion for summary judgment is hereby **DENIED** and Defendants' Cross-Motion for Summary Judgment is otherwise **GRANTED**.

## STATUTORY FRAMEWORK

The IDEA mandates that states receiving certain federal funds provide a FAPE to children with disabilities. See 20 U.S.C. § 1401(8). To meet this statutory standard, such an education must be administered in accordance with the individualized education program ("IEP"). *Id*. The IEP is a written statement that "sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives."  *L.O. v. N.Y.C. Dep't of Educ*., 822 F.3d 95, 102–03 (2d Cir. 2016) (quoting *R.E.*, 694 F.3d at 175). "The IDEA requires that an IEP be 'reasonably calculated to enable the child to receive educational benefits.'" *R.E.*, 694 F.3d at 175 (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)).

In New York City, the DOE creates an IEP through a local Committee on Special Education (the "CSE"). *See* N.Y. Educ. Law § 4402(1)(b)(1) (McKinney, Westlaw through 2016 ch. 240). At a minimum, the CSE is composed of the student's parent, one of the student's special

education teachers, a school psychologist, a school district representative, an individual who can interpret the instructional implications of evaluation results, a school physician, and a parent of another student with a disability. *Id.* § 4402(1)(b)(1)(a). "The CSE must examine the student's level of achievement and specific needs and determine an appropriate educational program." *R.E.,* 694 F.3d at 175.

If a state fails to provide a free appropriate public education, a child's parents may send him to a private program and seek retroactive tuition reimbursement from the state. *Frank G. v. Board of Educ. of Hyde Park*, 459 F.3d 356 (2d Cir. 2006). Parents challenging an individualized education program are entitled to such reimbursement if the court determines that the proposed education program was procedurally or substantively inadequate and the private schooling obtained by the parents is appropriate for the child's needs. *Id*. at 363. In such challenges, the burden of proof falls upon the party seeking relief. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49 (2005). Additionally, compensatory damages are generally not available absent gross violations of the IDEA that result in nearly complete denial of educational services. *Mrs. C. v. Wheaton*, 916 F.2d 69, 75 (2d Cir. 1990).

## STANDARD OF REVIEW

"Although the parties have styled their submissions as motions for summary judgment, 'the procedure is in substance an appeal from an administrative determination, not a summary judgment.'" *C.U. v. New York City Dep't of Educ*., 23 F.Supp.3d 210, 222 (S.D.N.Y.2014) (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ*., 397 F.3d 77, 83 n. 3 (2d Cir.2005)). While an IDEA appeal is in the form of a summary judgment motion, the existence of a genuine issue of material fact will not result in a denial. *J.R. v. Bd. of Educ. of the City of Rye Sch. Dist*., 345 F.Supp.2d 386, 394 (S.D.N.Y.2004). Instead, a federal court reviewing an administrative

decision under IDEA bases its decision on an independent review of the record using a "preponderance of the evidence" standard. *Bd. of Ed. v. Rowley*, 458 U.S. 176, 205 (1982). In reviewing an IDEA action, the Second Circuit has held that "[w]hile federal courts do not simply rubber stamp administrative decisions, they are expected to give due weight to these proceedings, mindful that the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Sherman v. Mamoroneck Union Free Sch. Dist.*, 340 F.3d 87, 93 (2d Cir.2003) (quoting *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998)).

A district court must conduct an independent review of the record and exercise its own judgment in deciding whether to grant tuition reimbursement, but it also must give due deference to the decisions of the experts below. *Bettinger v. New York City Bd. of Educ.*, No. 06 CV 6889 (PAC), 2007 WL 4208560, at *4 (S.D.N.Y. Nov. 20, 2007). "[C]ourts may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'" *T.Y. ex rel. T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). Nor may the courts make subjective credibility assessments or weigh the testimony of educational experts when the state authorities have already performed these functions. M.H., 685 F.3d at 240. In this way, "the role of federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" Id. (quoting *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007).

Generally, either "party aggrieved" by the findings of the SRO "shall have the right to bring a civil action" in either state or federal court. 20 U.S.C. § 1415(i)(2)(A). When such an action is brought in federal district court, the court reviews the records of all of the prior administrative hearings and must hear additional evidence if so requested by either of the parties.

6

*Id*. at § 1415(i)(2)(c). The court typically considers the propriety of the IEP on the parties' cross motions for summary judgment. *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217, 225 (2d Cir. 2012). Though the parties in an IDEA action may call the procedure 'a motion for summary judgment,' the procedure is in substance an appeal from an administrative determination, not a summary judgment [motion]." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 83 n. 3 (2d Cir.2005) (ellipsis, brackets, and citation omitted). "[B]asing its decision on the preponderance of the evidence, [the court is required to] grant such relief as the court determines is appropriate." § 1415(i)(2)(C)(iii).

## DISCUSSION

The Court upholds SRO Krolak's decision's that C.P. was not entitled to compensatory education in the form of the extended eligibility at iBRAIN until age 25. The deference paid to administrative proceedings is particularly warranted in an IDEA case, as here, where the district court's decision is based solely on the administrative record. *A.C. ex rel. M.C. v. Bd. of Educ. of The Chappaqua Cent. Sch. Dist.*, 553 F.3d 165 (2d Cir. 2009). In IDEA cases, if the decision of the SRO conflicts with the earlier decision of the hearing officer, the hearing officer's decision may be afforded diminished weight on judicial review. *Id*. Because administrative agencies have special expertise in making judgments concerning student progress, deference is particularly important when assessing an IEP's substantive adequacy." *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 195 (2d Cir. 2005).

Here, the Plaintiff alleges that Defendants committed a gross violation of the IDEA by improperly classifying C.P. and failing to diagnosis him with a cortical visual impairment. Moreover, Plaintiff argues that Defendants' reliance on C.P.'s parents to diagnose him is a clear violation of the IDEA's mandates. The IHO found that because the district had "not adequately

recognized, evaluated, and addressed this crucial deficit, the IEP was inadequate and supported the [p]arent's claim regarding the denial of FAPE for the 2021-22 school year." R 20. IHO Tennent also found that all claims for relief for the 2007-2008 through 2018-2019 academic years were barred by the applicable statute of limitations. R 19-20. She then concluded that C.P. was denied a FAPE for the 2021-2022 academic year due to an inadequate evaluation of C.P.'s vision needs. R 30. IHO Tennent faulted the DOE for failing to recommend vision services, even though the scope of this finding relied upon years which were barred by the statute of limitations. While IHO Tennent concluded that C.P. was entitled to "significant remediation," she did not conclude there was a "gross violation" of the IDEA. R 20.

Notably, neither the IHO nor the SRO concluded a "gross violation" occurred, which makes judicial deference to this conclusion appropriate. Where the SRO and IHO agree, "[d]eference to the conclusions of the administrators on this issue is particularly appropriate." *C.H. v. Goshen Cent. Sch. Dist.*, No. 11–cv–6933 (CS), 2013 WL 1285387, at *12 (S.D.N.Y. Mar. 28, 2013); see also *B.K. v. New York City Dep't of Educ.*, 12 F.Supp.3d 343, 360 (E.D.N.Y.2014) ("[D]eference is particularly apt where the IHO and SRO decisions are in agreement and are based on the same record as that before the district court."). Of course, "judicial deference is not absolute" if the SRO's decision is poorly reasoned or not "based on substantially greater familiarity with the evidence and the witnesses than the reviewing court." *T.F. v. The New York City Dep't of Educ.*, No. 14–cv–3401 (WHP), 2015 WL 5610769, at *3 (S.D.N.Y. Sept. 23, 2015) (quotations and citation omitted). Given that IHO Tennant and SRO Krolak both agree that there was no "gross violation" of the IDEA, considerable judicial deference must be accorded to a finding that is common to both decisions.

8

Upon review of the administrative record, SRO Krolak's decision is clear and thorough, and supported by the record in accordance with sound educational policy and compliance with case law, which therefore warrants judicial deference. Indeed, SRO Krolak's decision reflects a thorough review of relevant authority on the remedies available for a denial of a FAPE and exhaustive review of the record and arguments presented. For example, the analysis includes Second Circuit decisions that have held extended eligibility for a student over 21 must be premised on a gross violation of the IDEA. R 22-26. SRO Krolak highlights that "compensatory education may be awarded to students who are ineligible for services under the IDEA by reason of age or graduation only if the district committed a gross violation of the IDEA which resulted in the denial of, or exclusion from, educational services for a substantial period of time." R.22. As discussed herein, there was no finding of gross violation of the IDEA, which would make compensatory education an appropriate remedy.

In his decision, SRO Krolak also noted the distinction between an equitable award of compensatory education in the form of educational programs or services, which a student may receive at the district's expense after his or her eligibility for special education has expired, and an award of extended eligibility, which extends the district's statutory obligations to a student. *Id*. SRO Krolak explained that the former offers prospective equitable relief to remedy an earlier deprivation whereas the latter "extends the district's statutory obligations to a student, including the obligation to conduct a CSE meeting and develop and IEP for the student on an annual basis." Indeed, SRO Krolak correctly noted that the extension of eligibility could result in potentially perpetual challenges to IEPs developed during the period of extension and additional awards of compensatory education." R 23. Thus, "the extension of the student's eligibility must

be viewed as an election of remedies." Indeed, tuition reimbursement and compensatory education for C.P.'s education at iBRAIN would be duplicative remedies.

Ultimately, SRO Krolak concluded that IHO Tennent erred in awarding four years of extended eligibility in addition to the tuition funding that she directed the district to pay as relief for its denial of FAPE relating to the 2021-2022 school year alone. R 24. SRO Krolak noted that IHO Tennent failed to explain why C.P.'s district-funded attendance at iBRAIN which provided the student with specially designed instruction and related services, including vision education services, was not adequate to remedy a FAPE denial premised solely on the absence of a recommendation for vision education services for one academic year. R 25. Additionally, SRO Krolak noted IHO Tennent failed to explain the parameters of the extended eligibility award at iBRAIN, without regard to any IEP that may be developed subsequently. Moreover, SRO Krolak noted that tying the student to the unilateral placement for the remainder of his current eligibility further circumvents the statutorily required process and assumes the CSE's role in the due process system. R 25-26. In light of this thorough and well-reasoned decision, SRO Krolak's decision is entitled to judicial deference.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is hereby **DENIED** and Defendants' Cross-Motion for Summary Judgment is otherwise **GRANTED**. The Clerk of Court is directed to terminate all pending motions and close this case.

**SO ORDERED.**

Dated:  September 26, 2024
        New York, NY

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**