MANDATE

Case: 24-2844, 11/21/2025, DktEntry: 36.1, Page 1 of 7
Case 1:23-cv-02966-ALC-SN   Document 39   Filed 11/21/25   Page 1 of 7
1:23-cv-02966-ALC-SN

24-2844
Perez v. Banks et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-five.

PRESENT:
      AMALYA L. KEARSE,
      DENNIS JACOBS,
      MARIA ARAÚJO KAHN,
          *Circuit Judges.*

---

MARINA PEREZ, AS PARENT AND NATURAL GUARDIAN OF C.P. AND INDIVIDUALLY,

          *Plaintiff-Appellant*,

v.

DAVID C. BANKS, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

          *Defendants-Appellees.*

---

No. 24-2844-cv

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 11/21/2025

MANDATE ISSUED ON 11/21/2025

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RORY J. BELLANTONI, Brain Injury Rights Group, Ltd., New York, NY. |
| FOR DEFENDANTS-APPELLEES: | CHLOÉ K. MOON, Assistant Corporation Counsel (Richard Dearing, Devin Slack, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a September 27, 2024 judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFRIMED**.

Plaintiff-Appellant Marina Perez ("Perez") is the mother of C.P., a student who has been diagnosed with several disabling conditions, including cerebral palsy and cortical vision impairment. As a result of his disabilities, C.P. began receiving special education services from the Defendant-Appellee New York City Department of Education ("DOE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. C.P. attended a specialized, non-public school from 2007 until the 2018-2019 school year, when Perez unilaterally placed C.P. at the International Institute for the Brain ("iBrain"), a private school. **[A100]** C.P. turned nineteen years old during the 2021-2022 school year. In March 2021, the DOE developed an individualized education program ("IEP") for C.P. for the 2021-2022 school year ("2021 IEP"), as required by the IDEA. The 2021 IEP

incorporated C.P.'s cortical vision impairment diagnosis into the goals/management needs sections of the report but declined to recommend vision education services for C.P.

Perez then filed two separate administrative complaints against DOE, which were later consolidated for the purposes of the impartial hearing. The first complaint, filed on June 29, 2021, sought, *inter alia*, an award of compensatory education services in the form of eleven years of tuition and related services at iBrain, and extended eligibility for special education services, alleging that the DOE violated the IDEA by failing to provide C.P. a free appropriate public education ("FAPE") for most of C.P.'s educational career, spanning from the 2007-2008 to 2018-2019 school years. The second complaint, filed on July 6, 2021, sought tuition reimbursement for the 2021-2022 extended school year and other relief under the IDEA, alleging, *inter alia*, that the 2021 IEP's failure to recommend vision education services denied C.P. a FAPE for the 2021-2022 school year.

Following eight days of hearings in which both parties presented evidence and called witnesses, the Impartial Hearing Officer ("IHO") found that the claims alleged in the first complaint were time-barred by the IDEA's two-year statute of limitations. App'x 33. After considering the second complaint, the IHO determined that the DOE's failure to recommend vision services for the 2021-2022 school year as a part of C.P.'s 2021 IEP denied C.P. a FAPE for that academic year ("2021 FAPE denial"). However, the IHO did not make a finding that the 2021 FAPE denial involved a gross violation of the IDEA. *See* App'x 34-35. Based on these conclusions, the IHO awarded C.P., *inter alia*, tuition

3

reimbursement for the 2021-2022 extended school year along with extended eligibility for C.P. to remain at iBrain at public expense through the age of twenty-five (the "compensatory education award"). App'x 36-37. The DOE then appealed the IHO's decision to the State Review Officer ("SRO"), challenging the IHO's compensatory education award.

Upon review, the SRO reversed the portion of the IHO decision that awarded four years of extended eligibility because the 2021 FAPE denial did not involve a gross violation of the IDEA. App'x 63 (explaining that "while an IHO has broad discretion to fashion appropriate equitable relief in IDEA matters, the IHO's award of four years of extended eligibility for special education services to [C.P.] which also contemplated that [C.P.] would attend iBrain during the extended eligibility period, far exceeded an appropriate remedy for the district's denial of FAPE to [C.P.] for the 2021-22 school year"). The SRO otherwise affirmed all other aspects of the IHO's opinion, including the IHO's factual determinations and tuition reimbursement award for the 2021-2022 school year. *Id.*

Perez then brought this suit in the district court, seeking review of the SRO's decision. Following cross-motions for summary judgment, the district court upheld the SRO's determinations and granted summary judgment to Defendants-Appellees. Perez now appeals the district court's order granting summary judgment. We assume the

4

parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

When reviewing state administrative proceedings under the IDEA, "we engage in an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review." *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) (internal quotations omitted and alterations adopted). We "must defer to the SRO's decision on matters requiring educational expertise," unless we determine that the SRO's decision was "inadequately reasoned, in which case a better-reasoned IHO opinion may be considered instead." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012). "We review for abuse of discretion the fashioning of relief under 20 U.S.C. § 1415(i)(2)(C)(iii)." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 448 (2d Cir. 2015).

The IDEA requires school districts "to provide all children with disabilities a free appropriate public education," which consists of "special education and related services tailored to meet the unique needs of a particular child, and [must] be reasonably calculated to enable the child to receive educational benefits." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107 (2d Cir. 2007) (internal quotation marks omitted). If the court determines that the school district denied the child a FAPE in violation of the IDEA, then compensatory services may be awarded only when there is a gross violation of the IDEA. *See Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 109 n.2 (2d Cir. 2008); *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (explaining that "[t]he

5

IDEA provides district courts with broad discretion to grant such relief as the court determines is appropriate in order to carry out its statutory mandate" (internal quotation marks omitted)). Generally, the compensatory education award "'must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place.'" *Doe*, 790 F.3d at 457 (2d Cir. 2015) *(*quoting *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005)).

The factual record in this case is not in dispute. However, the parties dispute whether the IHO's award of extended eligibility for special education services at iBrain was an appropriate remedy for the DOE's 2021 FAPE denial. Upon review of the record, we are unpersuaded that Perez met her burden of demonstrating that the district court improperly upheld the SRO's reversal of the IHO's compensatory education award in the form of extended eligibility through the age of twenty-five. *See M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 225 n.3 (2d Cir. 2012).

A gross violation finding is a prerequisite to any compensatory education award. Perez's challenge to the DOE's 2021 denial of vision education services for a single school year is the only claim that survives the IDEA's two-year statute of limitations. Therefore, we agree with the SRO that C.P. was not entitled to compensatory relief because the 2021 FAPE denial was not a gross violation of the IDEA. The district court was entitled to afford considerable deference to the fact that neither the IHO nor the SRO explicitly

concluded that a gross violation occurred in this case. In addition, Perez has not identified other admissible evidence that the district court should have weighed before finding that the 2021 FAPE denial did not amount to a gross violation of the IDEA. Timely filed claims for the 2007 to 2018-19 school years may have supported a gross violation finding that might have warranted compensatory relief. However, based solely on the 2021 FAPE denial, we conclude that the district court neither improperly deferred to the SRO's determinations nor abused its discretion in concluding that C.P. is not entitled to extended eligibility through the age of twenty-five as a form of compensatory relief under the circumstances of this case. We have considered Perez's remaining arguments and conclude they are without merit.

\*      \*      \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7